IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JENNIFER LISBET MATOS,<br><br>Defendant. | CRIMINAL NO. 3: 25-mj-00040 |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adolph Joseph Brink IV, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI), currently assigned to the Office of the Resident Agent in Charge (RAC) in Saint Thomas, United States Virgin Islands and have been so employed as an SA since May of 2023. By virtue of my employment as an HSI Special Agent, I have the authority of a customs officer as described in 19 U.S.C. § 1589a and an immigration officer as described in 8 U.S.C. § 1357. Further, I am an "investigative or law enforcement officer of the United States" within the meaning defined in 18 U.S.C. § 2510(7), in that I am an agent of the United States authorized by law to conduct investigations of, and make arrests for, federal offenses. During my tenure as an HSI SA, I have completed the Criminal Investigator Training Program (CITP) and the Homeland Security Investigations Special Agent Training (HSISAT) course at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. At these training programs, I was trained to investigate violations of law related to controlled substances, firearms, child exploitation, financial crimes, immigration and customs law, and other violations of federal criminal law.

2. Prior to my tenure as a SA with HSI, I served as a Security Specialist with the Federal Bureau of Investigation (FBI), where I conducted limited administrative investigations regarding violations of FBI and U.S. Intelligence Community security policies and procedures. Prior to that, I served as an ELSUR Operations Technician with the FBI, where I processed all forms of electronic surveillance (ELSUR) evidence to include consensual monitoring, Title III wiretaps, and other sensitive methods of ELSUR collection in support of criminal and national security investigations. Additionally, as an ELSUR Operations Technician, I served in a collateral capacity as a photographer's assistant, which required that I attend a photography certification class offered by the FBI New York Field Office. Prior to my employment as a full-time FBI employee, I attended Florida Gulf Coast University in Fort Myers, Florida, and graduated with a Bachelor of Science in Legal Studies and Criminal Justice.

3. As an HSI Special Agent, I am authorized to conduct investigations of, and to make arrests for, violations of criminal law under Title 18 of the U.S. Code, customs law under Title 19, immigration law under Title 8, and controlled substances law under Title 21.

4. The information contained within this affidavit is based on my personal knowledge, training, and experience, as well as information provided to me by other law enforcement officers and government employees assisting with this investigation. I have not included each and every fact known to me concerning this investigation; I have set forth only the facts and circumstances that I believe are sufficient to establish probable cause.

5. This affidavit is made solely for the limited purpose of setting forth probable cause to believe that Jennifer MATOS is an alien who improperly entered the United States in violation of 8 U.S.C. § 1325.

## PROBABLE CAUSE

6. On or about April 28, 2025, U.S Customs and Border Protection (CBP) Air and Marine Operations (AMO) agents were conducting surveillance on a Puerto Rican registered vessel with two outboard motors (hereinafter the "target of interest" or "TOI"), moored in Krum Bay, St. Thomas, U.S. Virgin Islands. At approximately 00:20 hours local time, the TOI was observed departing the area without navigational lights illuminated or operating. AMO launched a vessel to intercept the TOI. AMO agents attempted to stop the TOI. AMO agents energized blue law enforcement lights and siren, and gave loud commands to the TOI to stop, but the TOI failed to stop. After a brief pursuit, marine warning shots and marine disabling fire were used, and the TOI was stopped just east of Sail Rock, St. Thomas, USVI. A total of six Dominican Republic nationals were discovered onboard, along with the operator, Anibal VEGA ARIZMENDI. The aliens and VEGA ARIZMENDI were transferred to Enforcement and Removal Operations (ERO), who turned the individuals over to HSI.

7. One of the passengers was Jennifer MATOS. MATOS was referred to HSI Special Agents for further verification of legal status in the United States.

8. HSI Special Agents conducted system checks of the name MATOS, the provided date of birth, and alien number. The checks showed that MATOS entered the United States on June 30, 2024, in Charlotte Amalie, U.S. Virgin Islands.

9. System checks were negative for official, completed crossings at any U.S. border to show lawful entry and negative for prior criminal history. Biometrics and biographical information confirmed that MATOS does not have any legal status in the United States.

## CONCLUSION

10. Based on my training and the foregoing facts in this investigation, I respectfully submit to the court that sufficient probable cause exists to show that Jennifer MATOS entered or attempted to enter the United States at any time or place other than as designated by immigration officers in violation of 8 U.S.C. § 1325.

Respectfully submitted,

_____
Adolph Joseph Brink IV
Special Agent
Homeland Security Investigations

Sworn to before me and subscribed in my presence on April 29th, 2025, at St. Thomas, U.S. Virgin Islands.

_____
Honorable Emile A. Henderson III
United States Magistrate Judge